UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,  )
successor to National City Bank, successor to Mid )
America Bank, fsb, successor to EFS Bank,  )
                                             )
            Plaintiff,                     )
                                             )
v.                                           )    Case No. 1:12-cv-07499
                                             )
TYRE WORKS-HOFFMAN, LLC, JULES D.            )    Judge Marvin E. Aspen
NOTTOLINI, MARYLYN A. NOTTOLINI, a/k/a       )
MARILYN A. NOTTOLINI, MICHAEL D.             )
EANNARIANO, AGNES EANNARIANO, JOHN           )
S. MCDOUGALL, and GINA MCDOUGALL,            )
                                             )
            Defendants.                    )
                                             )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

    Plaintiff PNC Bank, National Association ("PNC") brings suit for mortgage foreclosure and other relief against Defendants Tyre Works-Hoffman, LLC ("Tyre Works"), Jules D. Nottolini, Marylyn A. Nottolini a/k/a Marilyn A. Nottolini, Michael D. Eannariano, Agnes Eannariano, John S. McDougall, and Gina McDougall (collectively "Defendants"). Defendants move to dismiss two counts of the complaint for failure to state a claim upon which relief can be granted. For the following reasons, we deny Defendants' motion.

    For the purposes of this motion, we draw all facts from the complaint and its supporting exhibits. *See Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002)

(citation omitted); Fed. R. Civ. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

PNC has filed a five-count complaint and eight accompanying exhibits. In Counts I and II, PNC seeks to foreclose two mortgages executed by Tyre Works and the individual defendants. Defendants move to dismiss Counts I and II of the complaint under Rule 12(b)(6).[1]

PNC is a national bank association organized under the laws of Delaware with its principal place of business in Pennsylvania. (Compl. ¶ 4.) PNC is the successor to National City Bank, Mid America Bank, fsb, and Elgin Financial Savings Bank ("EFS Bank"). (*Id.*, Ex. A.) Tyre Works is an Illinois limited liability company organized under the laws of Illinois with its principal place of business in Illinois. (*Id.* ¶ 5.) The individual defendants are citizens and residents of the State of Illinois. (*Id.* ¶¶ 5–11.)

## I.     The $49,000 Loan

Plaintiff alleges that Defendants J. Nottolini and M. Nottolini executed a mortgage ("Mortgage 1") in favor of Plaintiff on January 30, 1999 to secure debt owed by Tyre Works to Plaintiff. (Compl. ¶ 13.) Mortgage 1 pledged to Plaintiff a first-position mortgage lien interest against "the property commonly known as 790 Barrington Road, Hoffman Estates, Illinois 60194" ("the Property"). (Compl., Ex. C.) Mortgage 1 incorporated a promissory note dated January 30, 1999 in the original principal amount of $100,000. (*Id.*)

Plaintiff further alleges that on or about August 6, 2008, Tyre Works executed a promissory note in favor of Plaintiff in the original principal amount of $49,000 ("Note 1"). (Compl. ¶ 12, Ex. B.) Note 1 provides that it is secured by "any and all other mortgages"

---

[1] Counts III, IV, and V are breach of contract claims against Mr. Eannariano, Mr. McDougall, and Tyre Works, respectively. Defendants do not seek to dismiss these counts.

evidencing a security interest in favor of Plaintiff, "including but not limited to" Mortgage 1. (Compl., Ex. B.) Plaintiff alleges in Count I that Tyre Works has not paid real estate taxes for the Property as required by Note 1. (Compl. ¶ 25.) Plaintiff thus seeks a judgment of foreclosure and sale of the Property due to Tyre Works's non-payment. (*Id.*)

## II. The $659,798.72 Loan

Plaintiff alleges that on or about March 4, 2003, defendants Mr. and Mrs. McDougall and Mr. and Mrs. Eannariano executed a mortgage ("Mortgage 2") in favor of Plaintiff to secure debt owed to Plaintiff. (Compl. ¶ 19.) Mortgage 2 pledged to Plaintiff a second-position mortgage lien interest against the Property. (*Id.*) Mortgage 2 incorporated a promissory note dated March 4, 2003 in the original principal amount of $670,000. (Compl., Ex. G.)

Plaintiff further alleges that on or about August 6, 2008, defendants Mr. and Mrs. McDougall and Mr. and Mrs. Eannariano executed a promissory note in favor of Plaintiff in the original principal amount of $659,798.72 ("Note 2"). (Compl. ¶ 18, Ex. F.) Note 2 provides that it is secured by "any and all other mortgages" evidencing a security interest in favor of Plaintiff, "including but not limited to" Mortgage 2. (Compl., Ex. F.)

Plaintiff alleges in Count II that defendants Mr. and Mrs. McDougall and Mr. and Mrs. Eannariano have not paid real estate taxes for the Property as required under the terms and provisions of Note 2 and Mortgage 2. (Compl. ¶ 21.) Plaintiff seeks a judgment of foreclosure and sale as a result of the alleged default.

## STANDARD OF REVIEW

It is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009).

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. In evaluating a motion to dismiss, we accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* In addition to the allegations in the complaint, courts are free to examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in evaluating a motion to dismiss under Rule 12(b)(6). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007); *Thompson*, 300 F.3d at 753.

## ANALYSIS

Defendants move to dismiss Counts I and II on two grounds. First, Defendants argue that the complaint is deficient as a matter of law because Plaintiff does not specifically plead the date

of the alleged defaults. (Mot. at 3–5.) Defendants argue that the date of default is a "necessary element" of a foreclosure complaint, and that a complaint that does not allege the date of default is fatally flawed. (*Id.*) Second, Defendants argue that Plaintiff lacks standing to sue because the mortgage securing Note 1 grants a security interest to EFS Bank, not to Plaintiff. (Reply at 5.)

Neither argument has merit.

**I.     The Date of Default**

Plaintiff's complaint follows, in large part, the form complaint provided by the Illinois legislature in Section 15-1504(a) of the Illinois Mortgage Foreclosure Law ("IMFL"). (*See* Compl. ¶¶ 24–28.) The IMFL sets out the statutory requirements for foreclosure actions in Illinois, and requires, among other allegations, that the plaintiff attach a copy of the mortgage and the note secured thereby. 735 ILCS 5/15-1504(a)(2); *Deutsche Bank v. Tucker*, No. 11 C 8062, 2012 WL 2872456, at *2 (N.D. Ill. July 12, 2012).

Section 15-1504(a) of the IMFL provides that a foreclosure complaint "*may be* in *substantially*" the form of the complaint set forth by the statute. 735 ILCS 5/15-1504(a) (emphasis added). The IMFL's form complaint includes a list of allegations that a plaintiff may plead in a complaint to foreclose. *Id*. Section 15-1504(a)(3)(J), for example, lists "statement as to defaults, including, but not necessarily limited to, date of default…" as one of the allegations in the form complaint. 735 ILCS 5/15-1504(a)(3)(J). Lastly, Section 15-1504(b) states, in relevant part: "Required Information. A foreclosure complaint need contain only such statements and requests called for by the form set forth in subsection (a) of Section 15-1504 as may be appropriate for the relief sought." 735 ILCS 5/15-1504(b).

5

Defendants argue that the form complaint set forth in Section 15-1504(a) of the IMFL provides the "absolute minimum guidelines necessary" for a sufficient complaint to foreclose a mortgage, though they cite no persuasive authority for this proposition. (Mot. at 3.) As such, Defendants argue that the absence of *any* allegation included in the IMFL's form complaint is fatal to a complaint for foreclosure.

Here, Plaintiff's complaint does not include the date of Defendants' alleged default. Instead, Plaintiff alleges that default has occurred, and provides the unpaid balance as of May 16, 2012. (Compl. ¶¶ 24, 27.) According to Defendants, the date of default is a "necessary element" to any foreclosure action, and without the allegation of date of default, "a reasonable probability of success in a mortgage foreclosure action cannot be established." (Mot. at 3.) We disagree.

We do not read the form complaint set forth by the IMFL as an attempt by the Illinois legislature to establish strict pleading requirements, such that the omission of any of the listed statements should result in dismissal. "[T]he framers of the IMFL clearly intended that foreclosures should not be bogged down in motions over subtle procedural niceties that affect no one's substantive rights." *CitiMortgage, Inc. v. Schroedter*, No. 11-ch-7639, 2011 WL 5077866, at *4 (Ill. Cir. Aug. 30, 2011). Further, we believe that this reading of Section 15-1504(a) gives effect to the plain meaning of the statute. If we were to adopt Defendants' reading of the IMFL, the words "may be substantially in the following form" would be rendered superfluous. 735 ILCS 5/15-1504(a); *Buttita v. City of Chi.*, 9 F.3d 1198, 1204 (7th Cir. 1993) ("[I]n ascertaining the meaning of a statute, the statute should be read as a whole with all relevant parts considered.").

The IMFL provides that the complaint "need only contain such statements . . . as may be appropriate for the relief sought." 735 ILCS 5/15-1504(c). Where, as here, a plaintiff has substantially followed the form complaint set out by the IMFL, alleged that default occurred, and provided a balance as of a particular date, the allegations of default are sufficient to survive a motion to dismiss. *See Fifth Third Mortg. Co. v. Galica*, No. 10-ch-40880, 2011 WL 5077865, at *1 (Ill. Cir. Oct. 5, 2011) (Under the IMFL, "the deemed allegations will be construed as part of a complaint if the complaint 'substantially' follows the form complaint.").

Accordingly, despite the minor discrepancy between the form complaint provided by the IMFL and the complaint in this case, the complaint complies with the pleading requirements of the IMFL. Further, Plaintiff has alleged sufficient facts to ensure that the Defendants receive "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see also* Fed. R. Civ. P. 8(a). Defendants' motion with respect to Count I is denied.

## II.     Standing

Defendants also challenge Plaintiff's standing to foreclose on the property, arguing that Note 1 "grants a security interest to Elgin Financial Savings Bank, not [to] Plaintiff." (Reply at 5.)[2] We hold that Plaintiff's complaint and its attached exhibits are sufficient to demonstrate standing at the motion to dismiss stage.

---

[2] Defendants raise this argument for the first time in their reply brief. Usually, arguments raised for the first time in a reply brief are waived. *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998). However, standing is a jurisdictional requirement that is not subject to waiver. *U.S. v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435 (1995); *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 802 (1994). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *Hays*, 515 U.S. at 742, 115 S. Ct. at 2435.

Despite Defendants' claim that "the conveyance of the security interest is to…Elgin [Financial Savings] Bank" and not to Plaintiff, Plaintiff has attached a merger certificate to its complaint that demonstrates that Elgin Financial Savings Bank merged with Plaintiff. (Compl., Ex. A.)

We also reject Defendants' contention that Plaintiff has failed to provide the original promissory notes and therefore "cannot identify" when the mortgages went into default. (Mot. at 5.) The promissory notes that Plaintiff attached to its complaint specifically reference the mortgages that Plaintiff seeks to foreclose, and the mortgages explicitly reference Defendants' original indebtedness. (Compl., Ex. B, Ex. C, Ex. F, Ex. G.)

While it may be true that Plaintiff will eventually have to prove that it is the legal holder of the original note, we do require evidentiary support at this time. Plaintiff's allegation that it is the successor of EFS Bank is enough to establish standing at the motion to dismiss stage. "There is no law that every relevant document which counsel seeks to introduce as an exhibit at trial must be attached to his pleading, and indeed, such a requirement would be unworkable and imprudent." *Farm Credit Bank of St. Louis v. Biethman*, 262 Ill. App. 3d 614, 622, 634 N.E.2d 1312, 1318 (5th Dist. 1994). Plaintiff's complaint and supporting merger documents are sufficient to state a claim to foreclose, since they allege that PNC is a successor to EFS Bank by virtue of merger. *See Standard Bank and Trust Co. v. Madonia*, 964 N.E.2d 118, 123 (1st Dist. 2011) (plaintiff sufficiently pled that it was the mortgagee by attaching a copy of the mortgage and note to its complaint, as well as merger documents); *Land of Lincoln Savings & Loan v. Mich. Ave. Nat'l Bank of Chi.*, 103 Ill. App. 3d 1095, 1106, 432 N.E.2d 378, 386 (3d Dist. 1982) (where no assignment of note was made, and merger documents were presented, bank succeeded

8

to the mortgage rights possessed by the mortgagee, as a matter of Illinois law); *Olympic Fed. v. Witney Dev. Co.*, 113 Ill. App. 3d 981, 447 N.E.2d 1371 (2nd Dist. 1983) (same).

## CONCLUSION

For the reasons set forth above, we deny Defendants' motion to dismiss Count I and II. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: February 25, 2013